# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : : : | **CASES CONSOLIDATED** |
| | : : | No. 47 C.D. 2022 |
| v. | : : : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : : : | |
| Appeal of: Teresa F. Isabella | : : | |
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : : : : | |
| | : | No. 48 C.D. 2022 |
| v. | : : | Submitted: May 6, 2025 |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : : : | |
| Appeal of: 325 S. 18th Street, LLC | : | |

BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE LORI A. DUMAS, Judge
                    HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                                            **FILED:  June 13, 2025**

In these consolidated appeals, Appellants Teresa F. Isabella and 325 S. 18th Street, LLC (individually Isabella and 18th Street LLC, and collectively Appellants) appeal two orders issued by the Court of Common Pleas of Philadelphia

County (Common Pleas). Through those orders, Common Pleas respectively granted Appellee Philadelphia Community Development Coalition's (PCDC) "Motion to Approve the Sale of the Property 325 S 18th Street, Philadelphia, PA, 19103" (Sale Motion) and denied 18th Street LLC's Fifth Motion to Terminate PCDC's Conservatorship (Fifth Termination Motion). In addition to opposing the appeals on their merits, PCDC has moved for quashal of the appeals, due to Appellants' failure to comply with a third order issued by Common Pleas, which mandated that Appellants post a bond in order to pursue their appeals of the Sale Motion. Upon review, we deny PCDC's Motion to Quash Appeal and affirm Common Pleas' orders.

## I. BACKGROUND

These appeals are but the latest in a long-running line of litigation over a property located at 325 South 18th Street in Philadelphia (Property). As we recently recounted in our opinion regarding a multitude of related appeals:

On June 3, 2016, Charles J. Walsh, III, Laura Blau, and PCDC filed in Common Pleas a Petition for Appointment of a Conservator (Petition) under the Abandoned and Blighted Property Conservatorship Act, Act of November 26, 2008, P.L. 1672, No. 135, *as amended*, 68 P.S. §§ 1101-1120, commonly known as Act 135.[1] The subject of the Petition was a blighted building located [on the] Property. Isabella was the owner of the Property at the time the Petition was filed. On April 28, 2017, 18th Street LLC purchased the Property from Isabella for $1,000,000 and was granted intervenor status in the Act 135 proceedings.

[1] Walsh and Blau have not participated in the underlying Act 135 litigation or any related appeals since May 2017.

On May 17, 2017, Common Pleas granted the Petition and appointed PCDC as conservator of the Property. In September 2018, Common Pleas held a hearing on PCDC's Final Plan for Blight Remediation (Final Plan),

2

which detailed how PCDC would restore the Property to comply with applicable municipal code requirements. On September 24, 2018, Common Pleas approved the Final Plan.

In the ensuing years, Appellants filed a plethora of motions in Common Pleas in which they sought to, *inter alia*, terminate the Act 135 conservatorship, remove PCDC as conservator, and disqualify multiple trial judges involved in the case, which were denied. Appellants have filed 21 appeals from those adverse rulings in both this Court and the Pennsylvania Supreme Court, which were unsuccessful. In 2021, Appellants also filed two actions against PCDC and various individuals in the United States District Court for the Eastern District of Pennsylvania asserting claims of conspiracy, which were dismissed. One of those actions proceeded to the United States Court of Appeals for the Third Circuit, which affirmed the dismissal of the matter. PCDC has since worked to remediate the property in accordance with the Final Plan.

*Walsh v. Isabella* (Pa. Cmwlth., Nos. 577 C.D. 2022, 624 C.D. 2022, 1166 C.D. 2022, 1235 C.D. 2022, 76 C.D. 2023, filed Dec. 23, 2024), slip op. at 1-2, 2024 WL 5196043, at *1 (cleaned up).

These efforts eventually reached their denouement in January 2022, when Common Pleas issued the two orders that are the subject of these consolidated appeals. On January 4, 2022, Common Pleas granted the Sale Motion, thereby allowing PCDC to sell the Property to OCF Holdings LLC or an affiliate thereof. Next, on January 6, 2022, Common Pleas denied Appellants' Fifth Termination Motion. Appellants subsequently appealed those orders to our Court on January 10 and 11, 2022. On January 17, 2022, PCDC filed a "Motion to Mark Final Under Pa. R.A.P. 341(c) and to Increase Appeal Bond" (Bond Motion) in Common Pleas. Common Pleas ultimately granted the Bond Motion on May 10, 2022, thereby in relevant part requiring Appellants to post "appropriate security" in the amount of $1,504,092.73 in order to pursue their appeals of Common Pleas' January 4, 2022

3

order. Appellants neither posted the required bond nor appealed Common Pleas' May 10, 2022 order.

## II. DISCUSSION

We first address PCDC's Motion to Quash Appeal. PCDC argues that quashal is proper because Common Pleas properly exercised its authority under Pennsylvania Rule of Appellate Procedure 1733 to condition Appellants' ability to appeal the January 4, 2022 order upon their posting of a bond, as well as because Appellants failed to do so.[1]

PCDC's argument, however, is fundamentally incorrect. As our Supreme Court has made clear, appeal bonds "are in derogation of the right to appeal, . . . [a] right [that] is constitutional in its dimension." *PPM Atl. Renewable v. Fayette Cnty. Zoning Hearing Bd.*, 81 A.3d 896, 901 (Pa. 2013) (cleaned up). Given this, a court may not impose an appeal bond requirement upon a party unless it has express rule-based or statutory authority to do so; an order that nevertheless requires an appeal bond is void *ab initio* and noncompliance therewith cannot be used as justification for quashing the affected appeal or appeals. *Fassett*, 312 A.3d at 387. Rule 1733, which Common Pleas relied upon when issuing its May 10, 2022 order, does not authorize the imposition of an appeal bond; rather, that rule only allows for monetary security to be required in order for a party to obtain a supersedeas or a stay in the event of an appeal. Pa.R.A.P. 1733. It follows, then, that "a failure to post [such] security has no effect on the right to appeal." *PPM*, 81 A.3d at 902 (citing Pa.R.A.P. 1733). The appeal bond requirement that Common

---

[1] We recognize that Appellants did not appeal the May 10, 2022 order and, thus, that "[a]ny arguments [they] make[] regarding [its] validity or amount therefore are technically not before us. Nevertheless, because PCDC seeks to quash this appeal on the ground that [Appellants] did not comply with [that order], we address, to the extent necessary, its validity and enforceability." *Phila. Cmty. Dev. Coal., Inc. v. Fassett Trustee for Fassett*, 312 A.3d 377, 385 (Pa. Cmwlth. 2024).

4

Pleas imposed upon Appellants is thus unenforceable and, therefore, we decline to grant PCDC's Motion to Quash Appeal.[2]

Moving on, we next address Appellants' challenges to Common Pleas' January 4, 2022 and January 6, 2022 orders, through which Appellants argue that Common Pleas' rulings constituted abuses of discretion and errors of law for two reasons. First, Common Pleas should not have granted the Sale Motion, because PCDC failed to establish that its Final Plan complied with Section 6(c)(4) of Act 135, 68 P.S. § 1106(c)(4), which mandates in relevant part that a conservator's final abatement plan "conform with all existing municipal codes[.]" Appellants' Br. at 51-56. Second, Common Pleas was required to grant the Fifth Termination Motion, because 18th Street LLC had complied with Section 10(2) of Act 135, 68 P.S. § 1110(2),[3] by providing "adequate assurances" that it would swiftly abate the conditions on the Property that led to the institution of PCDC's conservatorship, as well as proof that it was prepared to pay all of PCDC's "legitimate costs[.]" *Id.* at 56-61.

---

[2] We note that PCDC filed its Bond Motion pursuant to Pa.R.A.P. 1737. *See* PCDC's Br. at 29-36. However, as we explained in *Fassett*, the entirety of Chapter 17 of the Rules of Appellate Procedure is inapplicable to appeals such as this one and does not authorize courts to impose an appeal bond requirement. 312 A.3d at 386.

[3] Section 10 of Act 135 states, in relevant part:

> Upon request of a party in interest or the conservator, the court may order the termination of the conservatorship if it determines:
>
> . . . .
>
> (2) the owner, mortgagee or lienholder has requested the conservatorship be terminated and has provided adequate assurances to the court that the conditions that constituted grounds for the petition will be promptly abated, all obligations, expenses and improvements of the conservatorship, including all fees and expenses of the conservator, have been fully paid or provided for and the purposes of the conservatorship have been fulfilled[.]

68 P.S. § 1110.

Neither of these assertions stand up to scrutiny. With regard to Appellants' first argument, the Pennsylvania Rules of Appellate Procedure establish that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Appellants did not assert the Final Plan's alleged noncompliance with Section 6(c)(4) of Act 135 through either the Fifth Termination Motion or their response to the Sale Motion. *See* Fifth Termination Mot. at 1-18; Mem. of Law in Support of Fifth Termination Mot. at 1-18; Response in Opposition to Sale Mot. at 1-36; Mem. of Law in Support of Response in Opposition to Sale Mot. at 1-17. Consequently, Appellants did not preserve that issue for our review.

As for Appellants' second argument, Section 10 of Act 135 states that a court "may" terminate a conservatorship if it determines that certain requirements are met. *See* 68 P.S. § 1110; *accord id.* § 1105(i) ("A conservator may be removed by the court at any time upon the request of the conservator or upon a showing by a party to the action that the conservator is not carrying out its responsibilities under this act."). Thus, a court has discretionary authority to terminate a conservatorship, but is not required to do so, even if the statutorily enumerated predicate conditions exist. *Walsh v. Isabella* (Pa. Cmwlth., Nos. 1681 and 1789 C.D. 2019, filed June 23, 2021), slip op. at 9-10, 2021 WL 2580603, at *5.[4] Furthermore, Common Pleas specifically predicated its denial of the Fifth Termination Motion in part upon the fact that 18th Street LLC made "a litany of allegations against PCDC, without argument, and without direction towards any legal claim[,]" including "that PCDC is a documented sham non-profit [which] has committed tax and [Small Business

---

[4] Per Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

Administration] loan fraud." Common Pleas Op., 4/1/22, at 5. Given this, as well as 18th Street LLC's broad assertions that PCDC "padded the bills[,]" tried to extort 18th Street LLC, and committed a multitude of "unethical and illegal actions[;]" description of PCDC's conservatorship as being "failed, fraudulent[,] and illegal[;]" and bald insistence that "not one cent" of the costs incurred by PCDC has been "substantiated[,]" Fifth Termination Motion at 2 n.2, 3 n.4, and 16, we conclude that Common Pleas did not abuse its discretion or commit an error of law by determining that 18th Street LLC had failed to provide adequate assurances that it would comply with Section 10(2)'s requirements. Appellants' second argument is therefore without merit.

### III. CONCLUSION

In accordance with the foregoing analysis, we deny PCDC's Motion to Quash Appeal. Additionally, we affirm Common Pleas' January 4, 2022 and January 6, 2022 orders.

**LORI A. DUMAS, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : : : : : | **CASES CONSOLIDATED**<br><br>No. 47 C.D. 2022 |
| v. | : : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : : : | |
| Appeal of: Teresa F. Isabella | : : | |
| Charles J. Walsh, III and Laura Blau and Philadelphia Community Development Coalition | : : : : : | No. 48 C.D. 2022 |
| v. | : : : | |
| Teresa F. Isabella and 325 S. 18th Street, LLC | : : : : | |
| Appeal of: 325 S. 18th Street, LLC | : | |

# **O R D E R**

AND NOW, this 13th day of June, 2025, the Motion to Quash Appeal filed by Philadelphia Community Development Coalition, Inc., is DENIED, and the orders entered by the Court of Common Pleas of Philadelphia County on January 4, 2022, and January 6, 2022, are AFFIRMED.

**LORI A. DUMAS, Judge**